United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY, *et al.*, | No. C-15-0739-EMC |
| Plaintiffs, | **ORDER RE DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| PG&H COMMUNICATION, INC., | **(Docket No. 10)** |
| Defendant. _____/ | |

Plaintiffs are various "Bell" telephone companies. They have filed suit against Defendant PG&H Communication, Inc., alleging that its failure to pay certain access charges is a violation of federal tariffs. Based on its name as well as the allegations in the complaint and the Court's own legal research of the public records of the California Secretary of State, PG&H appears to be a corporation. *See* Compl. ¶ 12 (alleging that PG&H is a California corporation). On March 16, 2015, a motion to dismiss was filed on behalf of PG&H by an individual named Ying Su. *See* Docket No. 10, at 2 (motion) (suggesting that the case should have been filed in a district in Southern California, and not this district, as that is where PG&H does business). Mr. Su does not appear to be an attorney, as indicated by his self-identification as "pro se" and his statement that "PG&H is a minor company with limited resources [that] can afford neither a lawyer nor send me, who is bound with duties home, to its defence [sic] in Northern California."[1] *See* Docket No. 10, at 2 (motion).

---

[1] The complaint as well as the Court's own legal research indicates that Mr. Su is PG&H's registered agent for service of process. *See* Compl. ¶ 12.

Under Civil Local Rule 3-9(b), a corporation "may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b); *see also In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (stating that "[c]orporations and other unincorporated associations must appear in court through an attorney"). Because Mr. Su is not an attorney, the Court cannot consider the merits of the motion to dismiss that Mr. Su filed on PG&H's behalf. Accordingly, the Court hereby **STRIKES** the motion to dismiss from the record, and the hearing on the motion to dismiss is **VACATED**.

The Court also takes this opportunity to advise PG&H that not only (1) can it not appear pro per in this litigation but also (2) it can be sanctioned with an entry of default and default judgment should it fail to timely make an appearance through an attorney. *See Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (recognizing default as a permissible sanction for failure to comply with local rules requiring representation by counsel).

Plaintiffs are ordered to immediately serve a copy of this order on PG&H and Mr. Su and file a proof of service with the Court.

This order disposes of Docket No. 10.

IT IS SO ORDERED.

Dated: April 14, 2015

_____
EDWARD M. CHEN
United States District Judge